## BLACKISTON v. POTTS.

### March 11, 1840.

*Rule to show cause why the writ should not be quashed.*

A freeholder who is privileged from arrest on a *capias ad respondendum* by the act of 1725, will be entitled to have the writ quashed if he make his application before the expiration of the *quarto die post* the return day.

THIS action was brought by *capias* to December term, 1839, No. 1267—the writ issued returnable to a monthly return day, viz.: the first Monday of February, 1840, which was on the third day of that month. The defendant was arrested and gave bail. On the 4th of February, 1840, he obtained this rule to show cause why the writ should not be quashed, on the ground that he was a freeholder in Schuylkill county, and thereby privileged from arrest.

On the hearing of the rule, there was sufficient evidence of his freehold.

*Guillou,* for plaintiff, referred to the act of 20th March, 1725, regulating the practice as to arrests, sect. 3d (*Stroud's Purd. tit. Action*), on which he contended that the defendant had waived his privilege by submitting to the arrest; that his application for relief was too late, and that he should have moved "*forthwith*" for the abatement of the writ.

*F. W. Hubbell,* contra, cited 1 *Dall.* 310 ; *Ibid.* 348–9.

Per Curiam.—This peculiar privilege from arrest is a very important right granted at a very early day, and should be care-

[Blackiston v. Potts.]

fully preserved, within the scope of our statutes, especially as cases of great oppression may occur, such as where a defendant is arrested in a county distant from that in which is his residence. The act of 1725 provides, that if a defendant exempt from arrest is taken by any writ of arrest, " the court where such writ is depending shall *forthwith*, on the defendant's motion, stay all further proceedings," &c. In construing this law, we are to look at the state of things which existed at the time of its passage, and indeed it is only necessary to refer to it at the present time, in order to perceive that the construction urged by the plaintiff's counsel is not tenable. Formerly (as now) the courts sat but at intervals. The application of the defendant arrested, must be made to the *court*, and not to a single judge. For a considerable portion of the year, in most of the counties of the state, the court is not in session, and no application therefore could be made to the court if the word " forthwith" is limited to an instantaneous motion on the part of the defendant. Such a construction would render the provisions of the law almost nugatory as to practical effects. *Forthwith* means, with convenient speed and with due diligence. This construction has been almost uniformly adopted by our courts. In this county, the practice requires that the defendant should make his application to the court before the expiration of the *quarto die post* the return day— and we see no reason why it should be changed.

Rule absolute.